

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Ray v. Reed

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4029

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ray v. Reed" (2007). *2007 Decisions.* Paper 746.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/746

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4029

FREDERICK T. RAY III,
Appellant

v.

WALTER REED, MAJOR; JOHN MASTERS, WARDEN; D. EDWARD
MCFADDEN; RAMON RUSTIN; DONALD DOUGHERTY; ROBERT WILSON;
MORGAN TAYLOR; PHILLIP WALKER; SCOTT GRAHAM; O. MILLER, LT.;
BOHN, LT.; BROOKS, SGT.; LAWSON, CPL
(D.C. Civil No. 04-cv-00810)

No. 04-4030

FREDERICK T. RAY III,
Appellant

v.

THOMAS A. MADONNA, SGT.; MCCARTHY, CPL; YANCIK, CPL; ZEPP, SGT;
FORD, CO; SOTO, CO; R. WILSON, CAPT.; WALKER, CAPT.; SERGE, LT;
BOYD, CPL; DUANE, COUNSELOR; FORBES, LT; RAMON RUSTIN,
DEPUTY WARDEN
(D.C. Civil No. 04-cv-00805)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
District Judge: The Honorable John P. Fullam

Before: BARRY, CHAGARES, and TASHIMA,[*] Circuit Judges

(Filed: July 18, 2007 )

OPINION

BARRY, Circuit Judge

Frederick T. Ray, III, appeals from the orders of the District Court granting the motions to dismiss his claims against various officials of the Chester County Prison. For the reasons stated below, we will reverse and remand for further proceedings.

On March 2, 2004, Ray, proceeding *pro se*, filed two separate civil rights complaints against officials at the Chester County Prison under 42 U.S.C. § 1983. Ray's complaint in *Ray v. Reed*, No. 04-4029 on appeal, alleged that prison officials shackled and restrained him for 40 days, in violation of his substantive due process rights under that Fourteenth Amendment. Ray's complaint in *Ray v. Madonna*, No. 04-4030 on appeal, alleged that prison officials violated his substantive and procedural due process rights when, after he complained that pepper spray used to restrain another prisoner had drifted into his cell, prison officials assaulted him, confiscated his legal documents, and

---

[*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

injured his back, shoulder, and wrist. Subsequently, Ray alleged in *Madonna*, the prison

officials charged him with misconduct, held a Disciplinary Board hearing, and found him

guilty, placing him under restrictions for 45 days. According to Ray, he was not given

notice of the charges or of the hearing and was not able to present a defense or obtain

counsel.

The defendants in each case filed motions to dismiss under Federal Rule of Civil

Procedure 12(b)(6). On September 13, 2004, the District Court signed separate, but

identical, orders dismissing the complaint in each case. The orders read:

> AND NOW, this 13th day of September, 2004, upon consideration of
> Defendants' Motion to Dismiss, to which no response has been filed,
>
> **IT IS ORDERED** that the Motion is **GRANTED**. The complaint is
> DISMISSED and the Clerk is directed to mark the case as CLOSED.

(JA 3, 4 (emphasis in originals).) Ray filed notices of appeal. Under *Houston v. Lack*,

487 U.S. 266 (1988), and Federal Rule of Appellate Procedure 4(c), the notices of appeal

were timely.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We

have jurisdiction under 28 U.S.C. § 1291. Our review of the orders dismissing the

complaints is plenary. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir.

2006).

The District Court's orders granting the motions to dismiss were not merely

cursory – or, as appellees put it, "model[s] of brevity," Br. at 11 – but ambiguous; indeed,

3

we have some difficulty in understanding how the parties can be so confident that those motions were granted as unopposed, although appellees attempt to keep their options open in hopes of obviating the application of *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991). *Id.* at 11-12. The use of the phrase "upon consideration of Defendants' Motion to Dismiss" could imply that the Rule 12(b)(6) motions had been granted – *period*. On the other hand, the use of the phrase "to which no response has been filed" could imply that the dismissals were premised upon the Eastern District of Pennsylvania's Local Rule 7.1(c), which states that a "motion may be granted as uncontested" if there is no timely response, except motions for summary judgment. We simply cannot tell, and so we will vacate the orders and remand for the District Court to explain what and why it did what it did.

In that connection, we note that, in *Stackhouse*, we held that a motion to dismiss under Rule 12(b)(6) should not be granted without an analysis of the merits of the underlying complaint, notwithstanding local rules regarding the granting of unopposed motions. We observed that "some cases" could be dismissed as unopposed, "particularly if the party is represented by an attorney" or if the party failed to comply with a court's orders. 951 F.2d at 30. Appellees argue that Ray is an experienced *pro se* litigator and direct our attention to his various lawsuits, contending that it would be fair to hold him responsible for compliance with a court's deadlines. If, in fact, that is what the District Court did, we would expect the Court on remand to consider its action in light of our

4

disfavor of dismissals under Rule 12(b)(6) for purposes of sanctioning a litigant. *Id.*[1]

The orders of the District Court will be reversed. These matters will be remanded for further proceedings consistent with this Opinion.

---

[1] Although appellees invite us to consider the merits of Ray's claims, we decline to do so. Those claims "should in the first instance be considered substantively by the district court." *Stackhouse*, 951 F.2d at 30.